**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

ALEX McPHERSON and McPHERSON TRUCKING, LLC.,

Plaintiffs,

v. CASE NO.: 3:26-CV-04731-MCR

GE VERNOVA, INC., GE VERNOVA – ONSHORE WIND PENSACOLA, and GE VERNOVA INTERNATIONAL, LLC f/k/a GENERAL ELECTRIC INTERNATIONAL, INC.,

Defendants.

---

# **JOINT REPORT OF RULE 26(f) CONFERENCE**

Pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Initial Scheduling Order [Doc. 11], the parties have conferred and make the following report of their conference:

1. **Conference**. The following persons participated in a Rule 26(f) conference on October 16, 2021, by telephone:

(a) Brenton Goodman, counsel for Plaintiffs, ALEX McPHERSON and McPHERSON TRUCKING, LLC.

(b) Andrew M. Spencer, counsel for Defendants, GE VERNOVA, INC., and GE VERNOVA INTERNATIONAL, LLC f/k/a

GENERAL ELECTRIC INTERNATIONAL, INC.,

2. **Initial Disclosures**. The parties will complete the initial disclosures required by Fed. R. Civ. P. 26(a)(1) on or before **November 20, 2026**.

3. **Discovery Plan**. The parties propose the following discovery plan:

(a) This case arises from a property damage claim that occurred on or about July 26, 2024. Plaintiff is asserting claims of property damage to a specialized heavy-haul trailer and associated equipment. The parties anticipate that depositions of witnesses and written discovery will be conducted.

(b) Disclosure or discovery of electronically stored information should be handled as follows: Data reasonably available in the ordinary course of business will be produced in the format in which it was stored, with the default production format being native format.

(c) Reasonable measures have been taken to preserve discoverable data from alteration or destruction in the ordinary course of business or otherwise.

(d) The parties agree that a producing party's inadvertent production of material subject to a claim of privilege or other protection shall not alone be a ground on which the receiving party may claim the privilege or other protection does not apply. The parties will negotiate a formal agreement on this issue in a stipulated protective order for submission to the Court for consideration, if necessary.

(e) Discovery may be commenced immediately.

(f) The Parties respectfully request a ninety-two (92) day extension of the February 28, 2027 discovery deadline in the Court's Initial Scheduling Order to allow the parties sufficient time to exchange written discovery, complete the depositions of witnesses, and engage in necessary third-party discovery. In addition, the parties anticipate that the case will require expert analysis and testimony relating to specialized equipment and related issues with a heightened level of complexity with respect to Plaintiffs' property damage claims, as well as separate issues with respect to Plaintiffs' economic damages claims relating to alleged lost revenue, lost profits, lost business opportunities, or other consequential or economic damages. The parties suggest the additional time is also needed to facilitate this expert work, including the appropriate gathering of documents and information necessary to assess and retain experts, exchange reports, and conduct depositions. The parties therefore request that the Court enter a modified deadline for completing discovery of **May 31, 2027**.

(g) The parties recommend that the maximum number of permitted interrogatories be as provided pursuant to Federal Rule of Civil Procedure 33. If additional interrogatories beyond those allowed pursuant to Federal Rule of Civil Procedure 33 are necessary, the parties will attempt to resolve the matter without the Court's intervention.

(h) Consistent with the requested extension of the discovery deadline, the

parties request that Plaintiffs be permitted until **February 15, 2027** to make their expert disclosures, and that Defendants be permitted until **March 17, 2027** to make their expert disclosures.

(i) Supplementation under Rule 26(e) shall be made as soon as reasonably feasible and as warranted by Rule 26(e).

4. **Other Items.**

(a) The parties do not request a conference with the Court before a final Scheduling Order is entered.

(b) The parties request a pretrial conference as soon as practicable after rulings on any dispositive motions and mediation has occurred. As set forth in the Court's Initial Scheduling Order, the Court will enter an order after completion of discovery that will set a pretrial conference and specify the parties' comprehensive trial disclosure and preparation requirements, which includes the final list of wintesses and exhbits under Rule 26(a)(3).

(c) The final date for Plaintiff to amend pleadings or join parties shall be **December 31, 2026.**

(d) The final date for Defendant to amend pleadings or join parties shall be **January 31, 2027**.

(e) The final date to file dispositive motions, including Motions for Summary Judgment and Motions for Judgment on the Pleadings shall be no later

than **June 30, 2027,** for the initial motions, and as prescribed by local rule for any replies or responses to the initial motions.

(f) The parties believe that settlement of the issues in this case is possible and request a mediation deadline of **April 30, 2027**.

(g) The final date for submitting Federal Rule of Civil Procedure 26(a)(3) Witness Lists, designations of witnesses whose testimony will be present by deposition, and Exhibit Lists shall be as required by the Court at the Pretrial Conference or under the Court's Pretrial Order.

(h) The date for filing final objections under Federal Rule of Civil Procedure 26(a)(3) shall be as required by the Court at the Pretrial Conference or under the Court's Pretrial Order.

(i) The parties anticipate, based on the depositions that are needed and trials which counsel have scheduled in other matters for this fall that they will be ready for trial in this matter by **September 15, 2027**. This date is slightly past the eight months requested by the Court. The new date was agreed upon by all parties during the meet and confer after review of work calendars, a close assessment of all other deadlines in the case, and the anticipated time necessary to complete fact and expert discovery. The parties anticipate that the trial will take three (3) days.

***ADDITIONAL INFORMATION REQUIRED BY THE COURT'S SCHEDULING ORDER***

5. The parties conferred regarding Magistrate Judge Jurisdiction.

6. Nature and basis of claims and defenses and principal factual and legal issues in dispute:

(a) **Plaintiffs:** Plaintiffs claim they were sustained property damage losses in excess of $ 450,000 for the specialized heavy-haul trailer and associated equipment that was damaged by Defendants' employee and/or agent forklift driver when he negligently loaded the trailer with a wind turbine drivetrain component for transport.

(b) **Defendants**. Defendants deny Plaintiffs' claims and dispute the nature, cause, and extent of purported property and economic damages.

Both parties have demanded a trial by jury for all issues so triable.

Dated this 30th day of October, 2026.


/s/ *Brenton Goodman*
**Brenton Goodman**
Florida Bar No.: 0126153
Levin, Papantonio, Proctor, Buchanan, O'Brien, Barr & Mougey, P.A.
316 South Baylen Street, Suite 600
Pensacola, FL 32502

/s/ *Andrew M. Spencer*
**Jason W. Peterson** (FBN 174701)
**Andrew M. Spencer** (FBN 119966)
CLARK PARTINGTON
125 East Intendencia Street
Pensacola, FL 32502
(850) 434-9200

850-435-7006 (Goodman)
850-436-6006 (Fax)

*Attorneys for Defendants*

*Attorneys for Plaintiffs*